# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OMAR M. OLIVIER, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>      v.<br><br>UNIVITA HEALTH, INC. and UNIVITA OF FLORIDA, INC.,<br><br><br>               Defendants. | CASE NO. |

## CLASS ACTION COMPLAINT FOR
## <u>VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*.</u>

Plaintiff Omar M. Olivier ("Plaintiff") alleges on behalf himself and a class of similarly situated former employees of Univita Health, Inc. and Univita of Florida Inc. (the "Defendants") by and through his counsel as follows:

### <u>NATURE OF THE ACTION</u>

1.     Plaintiff Omar M. Olivier was an employee of Univita Health, Inc. until his termination on or about July 28, 2015.

2.     On July 28, 2015, Plaintiff received a termination letter stating he was terminated effective July 28, 2015.  Defendants terminated without notice the employment of approximately 1000 or so full-time employees that worked at or reported to Defendants' facility located at 15800 SW 25th Street, Miramar, Florida (the "Miramar West" Facility), where Plaintiff worked, and other facilities.

3.      The Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the foreseeable result of, plant closings or mass layoffs ordered by Defendants and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4.      Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendants.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

6.      This Court has personal jurisdiction over Univita Health, Inc., because this entity is incorporated in this judicial district, and therefore, resides here.

7.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. §§ 1391 because this is the judicial district in which Univita Health, Inc., is incorporated.

## THE PARTIES

### *Plaintiff*

8.      Plaintiff Omar M. Olivier was an employee of Univita Health, Inc., and worked as a Senior Business Data Analyst at the Defendants' Miramar West Facility, until his termination on or about July 28, 2015.

***Defendants***

9.      Upon information and belief at all relevant times, Defendants maintained and operated its business at the Miramar West Facility and maintained and operated additional facilities including Miramar East, located at 3700 Commerce Parkway, Miramar, Florida, and other locations in Florida and elsewhere as that term is defined by the WARN Act, throughout the United States (collectively the "Facilities").

10.     Defendant Univita Health, Inc. is a Delaware corporation with its principal place of business located at 15800 SW 25th Street, Miramar, Florida, and resides in this district.

11.     Defendant Univita of Florida, Inc. is a Florida corporation with its principal place of business located at 15800 SW 25th Street, Miramar, Florida, and transacts business in this district.

12.     Defendants maintained and operated its corporate headquarters at the Miramar West Facility, and operated elsewhere in Florida, Georgia, Minnesota and Tennessee at additional facilities as that term is defined by the WARN Act throughout the United States.

13.     On or about July 28, 2015, Defendants terminated without notice the employment of the approximately 1000 employees who worked at or reported to its Facilities.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

14.     Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*.,
on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29
U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to one of Defendants'
Facilities and were terminated without cause on or about July 28, 2015, and within 30 days of that
date, or were terminated without cause as the reasonably foreseeable consequence of the mass
layoffs and/or plant closings ordered by Defendants on or about July 28, 2015, and who are
affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

15.     The persons in the WARN Class identified above ("WARN Class Members") are
so numerous that joinder of all members is impracticable.  Although the precise number of such
persons is unknown, the facts on which the calculation of that number can be based are presently
within the sole control of Defendants.

16.     Upon information and belief, Defendants employed approximately 1000 employees
nationwide, including more than fifty (50) full-time employees at the Facilities who it terminated
on or about July 28, 2015.

17.     On information and belief, the identity of the members of the class and the recent
residence address of each of the WARN Class Members is contained in the books and records of
Defendants.

18.     On information and belief, the rate of pay and benefits that were being paid by
Defendants to each WARN Class Member at the time of her/her termination is contained in the
books and records of the Defendants.

19.     Common questions of law and fact exist as to members of the WARN Class,
including, but not limited to, the following:

      (a)      whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

      (b)      whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

      (c)      whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

20.      The Plaintiff's claims are typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to one of Defendants' Facilities and was terminated without cause on or about July 28, 2015, due to the mass layoffs and/or plant closings ordered by Defendants.

21.      The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

22.      On or about July 28, 2015, Defendants terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which she was entitled to receive 60 days advance written notice under the WARN Act.

23.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

24.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

25.     The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

26.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

27.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

28.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

29.     On or about July 28, 2015, Defendants ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2).

30.     The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

31.     The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

32.     The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l (a)(5).

33.     Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

34.     Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

35.     The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

36.     Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

37.     The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants, jointly and severally:

A.      Certification of this action as a class action;

B.      Designation of the Plaintiff as the Class Representative;

C.      Appointment of the undersigned attorneys as Class Counsel;

D.      A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A); and

E.      Such other and further relief as this Court may deem just and proper.

DATED:  August 2, 2015

                                        Respectfully submitted,


                                        By: /s/ Christopher D. Loizides
                                          Christopher D. Loizides (No. 3968)

LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, Delaware  19801
Telephone:      (302) 654-0248
Facsimile:      (302) 654-0728
E-mail:        loizides@loizides.com

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone: (212) 245-1000

*Attorneys for Plaintiff and the putative class*